448 So.2d 1087 (1984)
Frank Robert GENTILE, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICAL EXAMINERS, Appellee.
No. AS-365.
District Court of Appeal of Florida, First District.
March 27, 1984.
Rehearing Denied May 15, 1984.
*1088 Edward P. de la Parte, Jr., of de la Parte & Gilbert, P.A., Tampa, for appellant.
John E. Griffin, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Appellant, Frank Robert Gentile, appeals an order of the Board of Medical Examiners denying him a medical license by endorsement. His application for licensure, made under oath, failed to indicate his employment and experience as a physician on the staff of Memorial Hospital of Alamance County, North Carolina. Upon standard inquiry, the Board of Medical Examiners learned from the North Carolina State Board of Medical Examiners that appellant had been affiliated with Memorial Hospital. Through correspondence with that hospital, it was determined that appellant had voluntarily resigned from the medical staff at a time when he was under investigation by the hospital. In response to a question as to whether appellant had performed competently while at the hospital, officials from the hospital responded, "Questionable."
On June 24, 1982, the Florida Board of Medical Examiners entered an order denying appellant's application for licensure by endorsement, stating the following reason:[1]
The petitioner has not demonstrated to the Board that he is capable of safely engaging in the practice of medicine with reasonable skill and safety to his patients based upon his voluntary resignation of his membership and clinical privileges at Memorial Hospital of Alamance County, Inc., Burlington, North Carolina, just prior to disciplinary action taken by the hospital.
Appellant requested a section 120.57 hearing, and immediately prior to such hearing appellant and the Board executed a written stipulation in which they agreed that the only issue of fact to be presented to the hearing officer was as follows:
Whether Dr. Gentile's practice at Memorial Hospital of Alamance County, Burlington, North Carolina, demonstrated *1089 that he is incapable of safely engaging in the practice of medicine with reasonable skill and safety to his patients?
The parties also stipulated that there was only one issue of law to be ruled upon by the hearing officer:
Whether Dr. Gentile is of good moral character and whether he has committed any act or offense within or without the state which will constitute a basis for disciplining a physician pursuant to Section 458.331, as required by Section 458.313(1)(b), Florida Statutes (1981)?
A final hearing was held on October 14, at which the attorney for the Board offered into evidence a substantial amount of testimony regarding appellant's failure to disclose the fact that he had been on the staff at Memorial Hospital in response to a question on his application regarding with what hospitals he had staff privileges. The Board also offered to show that, in direct response to a request from the Board for an accounting of his time during the period he was on staff at Memorial Hospital, appellant failed to mention his practice at that hospital. Appellant admitted that he failed to make such disclosure, but explained that such failure was due to his misunderstanding of the information being requested. Testimony regarding appellant's apparent untruthfulness was, to some extent, objected to by counsel for appellant, and the hearing officer made a somewhat vague ruling that could be construed as either admitting the evidence as relevant or excluding the evidence as irrelevant. In any event, the hearing officer, in her recommended order, did not make a finding of fact as to whether appellant was intentionally untruthful during the application process or whether he simply misunderstood the information being requested. The hearing officer concluded that there was no evidence to indicate that appellant's practice at Memorial Hospital demonstrated him to be incapable of safely engaging in the practice of medicine, that appellant was lacking good moral character, or that appellant had committed any act that would constitute a basis for denying him a license. Accordingly, the hearing officer recommended that the Board grant appellant the license.
On April 18, 1983, the Board entered its final order in which it accepted all of the hearing officer's findings of fact but added thereto an additional finding that appellant was not truthful or responsive to the Board's inquiries concerning the nature and history of his employment at Memorial Hospital. The Board rejected the conclusions of law made by the hearing officer and instead concluded that, based upon its findings of fact, appellant is not of good moral character and is not capable of safely engaging in the practice of medicine. Accordingly, the Board denied the license to appellant. Appellant appeals this final order of the Board.
Appellant seeks reversal with directions to issue the license. At oral argument, counsel for appellee stated that appellee does not oppose reversal if the case is remanded for further hearing on the issue of appellant's entitlement to a license in view of his apparent untruthfulness during the application process. Both parties agree that the Board based its final decision on this issue, although it was not clearly before the hearing officer under the parties' written stipulation.
The stipulation entered into by the parties is vague and ambiguous regarding the issues to be decided by the hearing officer. Although the stipulated issue of fact was whether appellant's practice at Memorial Hospital demonstrated him to be incapable of safely engaging in the practice of medicine, the hearing officer, based upon our reading of the transcript, received evidence of appellant's inaccurate statements on his application in response to the Board's inquiries, deeming them statements relevant to his practice at that hospital. Although considering evidence of appellant's failure to disclose his association with that hospital as within the stipulated issue of fact, the hearing officer nevertheless did not make a specific finding as to whether the failure to disclose was intentional or was merely an oversight or misunderstanding.
*1090 Obviously, making false or misleading statements on his application is relevant to whether appellant is of good moral character and can safely engage in the practice of medicine. If appellant perjured himself by intentionally falsifying his application or untruthfully responding to Board inquiries, this is a valid ground for denying him a license. § 458.331(1)(a), Fla. Stat. (1981). Indeed, the Board might well have been remiss in performing its duties had appellant's lack of candor on the application been ignored.
Appellant's untruthfulness regarding his past experience was arguably encompassed within the stipulated issues, and we hold that the Board is not foreclosed by the stipulation of the parties from considering appellant's misrepresentations in deciding whether to grant him a license. Although the evidence appears facially sufficient to support the Board's finding, we also recognize that a significant amount of confusion existed at the hearing concerning whether that issue should be decided by the hearing officer. In view of the confusion concerning the trial of this issue by the hearing officer and her failure to make any specific finding on this issue, in fairness appellant should be granted a further administrative hearing at which he will have the opportunity to adduce further evidence of explanation or mitigating circumstances.
The final order of the Board is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.
ERVIN, C.J., and BOOTH, J., concur.
NOTES
[1] Appellee has argued that this order does not set forth the real reason the Board denied the medical license to appellant. Appellee alleges that at its June 5 meeting the Board expressed concern over appellant's apparent untruthfulness during the application process and that such untruthfulness was the real basis for denial of the license. Because we do not have a transcript of the Board's June 5 meeting in the record on appeal, we are unable to accurately consider this argument.